## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Barbara Littlepage Saunders | : | |
| | : | |
| vs. | : | Civil Action No. 22-1635 |
| | : | |
| Lower Merion School District; | : | |
| and ESS Northeast, LLC | : | |

## DEFENDANT, ESS NORTHEAST, LLC'S
## PROPOSED JURY INSTRUCTIONS

Defendant, ESS Northeast, LLC, by and through its attorneys, propose the

attached numbered jury instructions for submission to the jury:

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: _____

LEE C. DURIVAGE
Attorney ID No. 205928
2000 Market Street, Suite 2300
Philadelphia, PA  19103
P: (215) 575-2584/F: (215) 575-0856
E-mail:  lcdurivage@mdwcg.com

Attorney for ESS Northeast, LLC

Dated: June 24, 2024

1

**ESS' PROPOSED JURY INSTRUCTION NO. 1**

**DIRECTED VERDICT**

Under all of the evidence, I direct you to return a verdict in favor of the defendant, ESS Northeast, LLC and against Plaintiff, on all of Plaintiff's claims.

## ESS' PROPOSED JURY INSTRUCTION NO. 2

## ADA EMPLOYMENT CLAIMS – INTRODUCTORY INSTRUCTION

In this case the plaintiff has made a claim under a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job. Terms such as "disability" and "reasonable accommodation" are defined by the ADA and I will instruct you on the meaning of those terms.

Plaintiff's claim under the ADA is that Defendant failed to accommodate her disability.

ESS denies plaintiff's claims.  Further, ESS denies that Plaintiff requested any type of accommodation for her disability between March 2, 2021 and April 26, 2021, when she was blocked from working as a substitute teacher at Belmont Hills Elementary School after the principal received an email complaint from a parent regarding Plaintiff's conduct and performance as a substitute teacher that day, and the principal requested that Plaintiff be removed from substituting at Belmont Hills Elementary School following the receipt of this parent complaint.

After to listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA.  So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

Authority:  Adapted from Third Circuit (Civil) Model Jury Instruction 9.0.

## ESS' PROPOSED JURY INSTRUCTION NO. 3

## INTRODUCTION; ROLE OF JURY

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Authority: Third Circuit (Civil) Model Jury Instruction 1.1 (unchanged).

## ESS' PROPOSED JURY INSTRUCTION NO. 4

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind including e-mail, instant messages, text messages, text or instant messaging services (such as Twitter), or through any blog, website, internet chat room, or by way of any other social networking websites or services, including Facebook, Instagram, SnapChat, LinkedIn and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.  That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try and do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because

special rules will govern their attendance.  You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

Authority:  Third Circuit (Civil) Model Jury Instruction 1.3 (modified).

**ESS' PROPOSED JURY INSTRUCTION NO. 5**

**ALL PERSONS EQUAL BEFORE THE LAW — ORGANIZATIONS**

Plaintiff is an individual and the ESS Northeast, LLC is is a corporation. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law, and are to be treated as equals.


Authority: O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.12 (5th Ed. 2000).

## ESS' PROPOSED JURY INSTRUCTION NO. 6

## BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conference to a minimum.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.


Authority:  Third Circuit (Civil) Model Jury Instruction 1.4 (unchanged).

## ESS' PROPOSED JURY INSTRUCTION NO. 7

## EVIDENCE

The evidence from which you are to the find the facts consists of the following:

        1.      The testimony of the witnesses;

        2.      Documents and other things received as exhibits; and

        3.      Any facts that are stipulated - -that is, formally agreed to by the parties.

The following things are not evidence:

        1.      Statements, arguments, and questions of the lawyers for the parties in this case;

        2.      Objections by lawyers;

        3.      Any testimony I tell you to disregard; and

        4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever

weight you believe it deserves.  If you experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence.  When a lawyer asks a question or offers an exhibits into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard the evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.


Authority:  Third Circuit (Civil) Model Jury Instruction 1.5 (unchanged).

## ESS' PROPOSED JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1)    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)    the quality of the witness's understanding and memory;

(3)    the witness's manner while testifying;

(4)    whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)    whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)    how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)    any other factors that bear on believability.


Authority:  Third Circuit (Civil) Model Jury Instruction 1.7 (unchanged).

## ESS' PROPOSED JURY INSTRUCTION NO. 9

## PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Plaintiff is the party who brought this lawsuit. Defendant is the party against which the lawsuit was filed.  <u>The burden is on the plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence.  If the plaintiff should fail to establish an essential element of her claim by a preponderance of the evidence in this case, the verdict must be for the defendant</u>.

This means that the plaintiff must prove to you, in light of all of the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendant on opposite sides of a scale, plaintiff would have to make the scales tip somewhat on his side.  If plaintiff fails to meet this burden, the verdict must be for defendant.  If you find after considering all the evidence that a claim or fact is more likely than so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

14

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply to civil cases such as this.  So you should put it out of your mind.

Authority:  Third Circuit (Civil) Model Jury Instruction 1.10 (modified).

**ESS' PROPOSED JURY INSTRUCTION NO. 10**

**STIPULATIONS OF FACT**

The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial.  You must therefore treat these facts as having been proved for the purposes of this case.


Authority:  Third Circuit (Civil) Model Jury Instruction 2.4 (modified).

## ESS' PROPOSED JURY INSTRUCTION NO. 11

## USE OF INTERROGATORIES

You have heard answer that Plaintiff gave in response to written questions submitted by the other side.  The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.

You must consider Plaintiff's answers to interrogatories in the same manner as if the answers were made from the witness stand.


Authority:  Third Circuit (Civil) Model Jury Instruction 2.6 (unchanged).

## ESS' PROPOSED JURY INSTRUCTION NO. 12

## ADA – REASONABLE ACCOMMODATION

In this case plaintiff claims that ESS failed to provide a reasonable accommodation for plaintiff. The ADA provides that an employer must make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

First: [Plaintiff] has a "disability" within the meaning of the ADA.

Second: [Defendant] was informed of the need for an accommodation of [plaintiff] due to a disability. [Note that there is no requirement that a request be made for a particular or specific accommodation; it is enough to satisfy this element that [defendant] was informed of [plaintiff's] basic need for an accommodation.]

Third: Providing Plaintiff with an accommodation she requested would have been reasonable, meaning that the costs of that accommodation would not have clearly exceeded its benefits.

Fourth: [Defendant] failed to provide Plaintiff with the accommodation she requested or any other reasonable accommodation.

[In deciding whether [plaintiff] was denied a reasonable accommodation, you must keep in mind that [defendant] is not obligated to provide a specific accommodation simply because it was requested by [plaintiff]. [Plaintiff] may not insist on a particular accommodation if another reasonable accommodation was offered. The question is whether [defendant] failed to provide any reasonable accommodation of [plaintiff's] disability.

In general, an accommodation is a change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities. In the context of this case, this means accommodations that enable the employer's employees with disabilities to perform the essential functions of the position held or desired. Examples of such reasonable accommodations include, but are not limited to, the following:

- Making existing facilities used by employees readily accessible to and usable by [plaintiff]

Note, however, that a "reasonable accommodation" does not require [defendant] to do any of the following:

- Change or eliminate any essential function of employment;

- Shift any essential function of employment to other employees; or

- Reduce productivity standards.

The intent of the ADA is that there be an interactive process between the employer and the employee [applicant] in order to determine whether there is a reasonable accommodation that would allow the employee [applicant] to perform the essential functions of a job. Both the employer and the employee [applicant] must cooperate in this interactive process in good faith, once the employer has been informed of the employee's [applicant's] request for a reasonable accommodation.

Neither party can win this case simply because the other did not cooperate in an interactive process. But you may consider whether a party cooperated in this process in good faith in evaluating the merit of that party's claim that a reasonable accommodation did or did not exist. ]

The fact that [defendant] may have offered certain accommodations to an employee or employees in the past does not mean that the same accommodations must be forever extended to [plaintiff] or that those accommodations are necessarily reasonable under the ADA. Otherwise, an employer would be reluctant to offer benefits or concessions to disabled employees for fear that, by providing the benefit or concession, the employer would forever be required to provide that accommodation. Thus, the fact that an accommodation that [plaintiff] argues for has been provided by [defendant] in the past to [plaintiff], or to another disabled employee, might be relevant but does not necessarily mean that the

particular accommodation is a reasonable one in this case. Instead, you must

determine its reasonableness under all the evidence in the case.**]**

Authority:  Third Circuit (Civil) Model Jury Instruction 9.1.3 (modified).

## ESS' PROPOSED JURY INSTRUCTION NO. 13

## ADA DEFINITIONS – DISABILITY

Under the ADA, the term "disability" [means] a physical or mental impairment that "substantially limits" a "major life activity." I will now define some of those terms in more detail.  I remind you to consider the specific definitions I give you.  You are not to use your own opinions as to what these terms mean.

### "Physical Impairment"

The term "physical impairment" means any condition that prevents the body from functioning normally.

### "Major Life Activities"

Under the ADA, the term "disability" includes a physical impairment that substantially limits a major life activity.  I instruct you that <u>walking</u> is a major life activity within the meaning of the ADA.

### "Substantially Limiting"

As I mentioned, to be a disability, a physical or mental impairment must substantially limit [plaintiff's] ability to perform a major life activity as compared to most people in the general population.

So long as an impairment substantially limits one major life activity of [plaintiff], it is a disability even if it does not substantially limit any other of

[plaintiff's] major life activities. An impairment need not prevent, or significantly or severely restrict, [plaintiff] from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment is a disability; you should compare [plaintiff's] performance of the major life activity to the performance of the same major life activity by most people in the general population.  You should make this comparison without regard to the ameliorative effects of mitigating measures such as using a cane.

In determining whether [plaintiff] is substantially limited in a major life activity, you may find it helpful to consider, as compared to most people in the general population, the condition under which [plaintiff] performs the major life activity; the manner in which [plaintiff] performs the major life activity; and/or the duration of time it takes [plaintiff] to perform the major life activity, or for which [plaintiff] can perform the major life activity.  In thinking about these factors, you might consider, among other things [list any of the following that are warranted by the evidence:]

- the difficulty, effort, or time required to perform a major life activity;
- pain experienced when performing a major life activity;
- the length of time a major life activity can be performed;
- the way an impairment affects the operation of a major bodily function
- negative effects of measures that [plaintiff] takes to mitigate the impairment – such as side effects of medication or burdens associated with following a particular treatment regimen.

23

You should focus on whether the impairment substantially limits a major life activity, rather than on what outcomes [plaintiff] can achieve. For example, someone with a learning disability may achieve a high level of academic success, but may nevertheless be substantially limited in the major life activity of learning because of the additional time or effort he or she must spend to read, write, or learn compared to most people in the general population.

Authority:  Third Circuit (Civil) Model Jury Instruction 9.2.1 (modified).

## ESS' PROPOSED JURY INSTRUCTION NO. 14

## ADA DAMAGES – COMPENSATORY DAMAGES

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find by a preponderance of the evidence that defendants violated plaintiff's rights under the ADA by <u>failing to provide a reasonable accommodation at assignments between March 2, 2021 and April 26, 2021</u>, then you must consider the issue of compensatory damages.  You must award plaintiff an amount that will fairly compensate her for any injury she actually sustained as a result of defendant's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put plaintiff  in the  position she would have occupied if the discrimination had not occurred. Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without defendant's actions.  Plaintiff must also show that defendant's actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's action. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether defendant's actions <u>were because of</u>

discrimination. In other words, even assuming that [defendant's] actions were <u>because of</u> discrimination, [plaintiff] is not entitled to damages for an injury unless [defendant's] discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury.  To find that defendant's actions caused plaintiff's injury, you need not find that defendant's action was the nearest cause, either in time or space. However, if plaintiff's injury was caused by a later, independent event that intervened between defendant's act and plaintiff's injury, defendants are not liable unless the injury was reasonably foreseeable by defendant.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that plaintiff experienced as a consequence of defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for

these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that plaintiff would have earned, either in the past or in the future, if she had continued working at Belmont Hills Elementary School.

As I instructed you previously, plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that plaintiff prove the amount of her losses with mathematical precision; it requires only  as much definiteness and accuracy as circumstances permit.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Authority:  Third Circuit (Civil) Model Jury Instruction 9.4.1 (modified).

## <u>CERTIFICATE OF SERVICE</u>

I, Lee C. Durivage, Esquire, do hereby certify that Defendant, ESS Northeast, LLC's Proposed Jury Instructions was served upon all parties by electronic service through the Court's ECF system at the following address:

William T. Wilson, Esquire
**Law Office of William T. Wilson**
20 West Miner Street
West Chester, PA 19382

Attorney for Plaintiff

**MARSHALL DENNEHEY, P.C.**

BY: _____
       LEE C. DURIVAGE

       Attorney for  ESS Northeast, LLC

Dated: <u>June 24, 2024</u>