UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA LITTLEPAGE SAUNDERS<br>          **Plaintiff** | : | CIVIL ACTION |
| | : | |
| vs. | : | No. 22-cv-1635-PD |
| | : | |
| LOWER MERION SCHOOL DISTRICT<br>and ESS NORTHEAST, LLC<br>          **Defendants** | : | |

### PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTIONS

The Plaintiff respectfully requests the Court to charge the jury as set forth in the following pages of proposed instructions.

*[signature]*

William T. Wilson
20 West Miner Street
West Chester, PA 19382
484-605-1146
bill@wtwilsonlaw.com

## ADA Definitions – Disability

Under the ADA, the term "disability" includes a physical impairment that "substantially limits" a major life activity. Thus, a person has a disability if they actually have a physical impairment that substantially limits a major life activity.

The term "physical impairment" means any condition that prevents the body from functioning normally.

Major life activities include the operation of major bodily functions. I instruct you that walking is a major life activity within the meaning of the ADA.

As I mentioned, to be a disability, a physical impairment must substantially limit plaintiff's ability to perform a major life activity as compared to most people in the general population.

So long as an impairment substantially limits one major life activity of plaintiff, it is a disability even if it does not substantially limit any other of plaintiff's major life activities. An impairment need not prevent or significantly restrict plaintiff from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment is a disability; you should compare plaintiff's performance of the major life activity to the performance of the same major life activity by most people in the general population.

If an impairment is episodic or in remission, it can still be a disability; the question is whether that impairment would substantially limit a major life activity of plaintiff when the impairment is active.

In determining whether plaintiff is substantially limited in a major life activity, you may find it helpful to consider, as compared to most people in the general population, the condition under which she performs the major life activity; the manner in which she performs the major life activity; and the duration of time it takes her to perform the major life activity, or for which she can perform the major life activity. In thinking about these factors, you might consider, among other things:

- The difficulty, effort, or time required to perform a major life activity;
- Pain experiences when performing a major life activity;
- The length of time a major life activity can be performed.

You should focus on whether the impairment substantially limits a major life activity, rather than on what outcomes the plaintiff can achieve. For example, someone with a learning disability may achieve a high level of academic success, but may nevertheless be substantially limited in the major life activity or learning because of the additional time or effort he or she must spend to read, write, or learn compared to most people in the general population.

Please keep in mind that the definition of "disability" is to be construed in favor of broad coverage of individuals. The primary question for you to decide is whether the defendants have complied with their obligations under the ADA.

**Source: Third Circuit Model Instruction 9.2.1**

**Elements of an ADA Claim – Reasonable Accommodation**

In this case, the plaintiff claims that the defendants failed to provide a reasonable accommodation for her. The ADA provides that an employer must make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operations of its business.

To prevail on this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

> First; she has a "disability" within the meaning of the ADA.
>
> Second, she is a "qualified individual" able to perform the essential functions of a substitute teacher with reasonable accommodation.
>
> Third, the defendant was informed of the need for accommodation of her due to a disability. Note that there is no requirement that a request be made for a particular or specific accommodation; it is enough to satisfy this element that the defendant was informed of her basic need for an accommodation.
>
> Fourth, providing the accommodation in dispute in this case would have been reasonable, meaning that the costs of that accommodation would not have clearly exceeded its benefits.
>
> Fifth, the defendant or defendants failed to provide the accommodation in dispute or any other reasonable accommodation.

In deciding whether the plaintiff was denied a reasonable accommodation, you must keep in mind that a defendant is not obligated to provide a specific accommodation simply because it was requested by the plaintiff. She may not insist on a particular accommodation if another reasonable accommodation was offered. The question is whether a defendant failed to provide any reasonable accommodation of her disability.

In general, an accommodation is a change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities. In the context of this case, this means **reconsidering the block on work at Belmont Hills Elementary School**. Other examples of such reasonable accommodations include, but are not limited to, the following:

- Making existing facilities used by employees readily accessible to and usable by the plaintiff;
- Job restructuring;
- Modified work schedule;
- Appropriate adjustment or modifications of policies.

Note, however, that a "reasonable accommodation" does not require a defendant to do any of the following:

- Change or eliminate any essential function of employment;
- Shift any essential function of employment to other employees;
- Create a new position for the plaintiff;
- Promote the plaintiff;
- Reduce productivity standards;
- Make an accommodation that conflicts with another neutral employment practice unless the plaintiff proves by a preponderance of the evidence that "special circumstances" make an exception reasonable.

On the other hand, the defendant's accommodations are not "reasonable" under the ADA if the plaintiff was forced to change to a less favorable job and a reasonable accommodation could have been made that would have allowed her to perform the essential functions of the job that she already had.

The intent of the ADA is that there be an interactive process between the employer and the employee in order to determine whether there is a reasonable accommodation that would allow the employee to perform the essential functions of a job. Both the employer and the employee must cooperate in this interactive process in good faith, once the employer has been informed of the employee's request for a reasonable accommodation.

Neither party can win this case simply because the other did not cooperate in an interactive process. But you may consider whether a party cooperated in this process in good faith in evaluating the merit of that party's claim that a reasonable accommodation did or did not exist.

**Source:  Third Circuit Model Jury Instruction 9.1.3**

**Staffing Firm Liability**

Both a staffing firm and the client are obligated to provide a reasonable accommodation needed on the job, absent undue hardship, if they have notice of the need for it.

The fact that a staffing firm's discriminatory assignment practice is based on its client's requirement is no defense. Thus, a staffing firm is liable if it honors a client's discriminatory assignments request or if it knows that its client has rejected workers in a protected class for discriminatory reasons and for that reason refuses to assign an individual in that protected class to that client.

A client of a staffing firm is obligated to treat the workers assigned to it in a nondiscriminatory manner. There the client fails to fulfill this obligation, and the staffing firm knows or should know of the client's discrimination, the firm must take corrective action within its control.

Where a staffing firm and its client are joint employers of a staffing firm worker with a disability, one entity may claim an undue hardship where providing the accommodation is solely within the other entity's control if it made good faith, but unsuccessful, efforts to obtain the other's cooperation in providing the reasonable accommodation.

**Source:** EEOC Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms; EEOC Enforcement Guidance: Application of the ADA to Contingent Workers Placed by Temporary Agencies and Other Staffing Firms; *Caldwell v. ServiceMaster Corp.*, 966 F. Supp. 33 (D.D.C. 1997).

**ADA Damages – Compensatory Damages**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not either defendant should be held liable.

If you find by a preponderance of the evidence that a defendant violated the plaintiff's rights under the ADA by blocking her from Belmont Hills Elementary School, then you must consider the issue of compensatory damages. You must award her an amount that will fairly compensate her for any injury she actually sustained as a result of a defendant's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put the plaintiff in the position she would have occupied if the discrimination had not occurred. The plaintiff has the burden of proving damages by a preponderance of the evidence.

The plaintiff must show that the injury would not have occurred without the defendant's act or omission. She must also show that the defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct or a reasonably probable consequence of the act or omission. This test – a substantial part in bringing about the injury – is to be distinguished from the test you must employe in determining whether the defendant's actions or omissions were motivated by discrimination. In other words, even assuming the defendant's actions or omissions were motivated by discrimination, the plaintiff is not entitled to damages for an injury unless the actions or omissions actually played a substantial part in bringing about, that injury.

There can be more than one cause of an injury. To find that the defendant's act or omission caused the plaintiff's injury, you need to find that the act or omission was the nearest cause, either in time or space. However, if her injury was caused by a later, independent event that intervened between the defendant's act or omission and her injury, the defendant is not liable unless the injury was reasonably foreseeable by the defendant.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork.

You may award damages for any suffering, inconvenience, mental anguish, or loss of enjoyment of life that the plaintiff experienced as a consequence of the defendant's allegedly unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that the plaintiff would have earned in the past or in the future, if

nothing unlawful had taken place. These elements of recovery of wages she would have received are called "back pay" and "front pay". Under the applicable law, the determination of back pay and front pay is for the court.

As I instructed you previously, the plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that the plaintiff prove the amount of her losses with mathematical precision; it requires as much definiteness and accuracy as circumstances permit.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Source: Third Circuit Model Jury Instruction 9.4.1**

**Duty of Accommodation Ongoing**

The employer's duty to provide reasonable accommodations is a continuing one and is not met by a single effort. Thus, the employer's obligation to engage in the interactive process continues when the employee asks for a different accommodation, or when the employer is aware that the initial accommodation is failing and further accommodation is needed.


**Source:** *McAlindin v. County of San Diego,* 192 F.3d 1226, 1236 (9th Cir. 1999); *EEOC v. UPS Supply Chain Solutions,* 620 F.3d 1103, 1111 (9th Cir. 2010); also implied by *Taylor v. Phoenixville S.D.,* 184 F.3d 296, 315-316 (3d Cir. 1999).

**Initiation of Interactive Process**

> The employee bears the responsibility of initiating the interactive process by providing notice of her disability and requesting accommodation for it. The employee's request need not be written, nor need it include the magic words "reasonable accommodation," but the notice must nonetheless make clear that the employee wants assistance for her disability. Once the employer knows of the disability and the desire for the accommodation, it has the burden of requesting additional information that it needs, and to engage in the interactive process of designing a reasonable accommodation.

**Source: Comments to Third Circuit Model Jury Instruction 9.1.3** quoting from *Peter v. Lincoln Technical Institute,* 255 F.Supp. 2d 417, 437 (E.D. Pa. 2002).